IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

COUNTRY MUTUAL INSURANCE          §
COMPANY, as Subrogee of           §
JANET SULLIVAN,                   §
                                  §
        *Plaintiff,*              §
                                  §
VS.                               §          CIV. ACTION NO. <u>CIV-25-157-DES</u>
                                  §
1st PRIORITY ROOFING, LLC         §
                                  §
        *Defendant.*              §

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE

COMES NOW Country Mutual Insurance Company, as Subrogee of Janet Sullivan, Plaintiff herein, and files this Original Complaint against Defendant, 1st Priority Roofing, LLC, alleging as follows:

## I. PARTIES

1.    Plaintiff Country Mutual Insurance Company ("CMIC"), is incorporated in and maintains its principal place of business in the state of Illinois, and authorized to conduct business in the state of Oklahoma. Plaintiff is a citizen of Illinois and no other state.

2.    Defendant 1st Priority Roofing, LLC ("1st Priority") is incorporated in and maintains its principal place of business in the state of Colorado. There are two members of 1st Priority Roofing, LLC: Joshua Robert Murdock, a citizen of Colorado; and William Anthony Sweeney, also a citizen of Colorado. Therefore, Defendant 1st Priority is a citizen of Colorado and no other state.

## II. JURISDICTION

3.    This court has jurisdiction over this cause under 28 U.S.C. §1332(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.   Plaintiff is a citizen of Illinois and no other state; Defendant is a citizen of Colorado and no other state.  The Eastern District of Oklahoma has proper jurisdiction because the events made the basis of this suit occurred within the Eastern Division.  In addition, the damages claimed are to real property located in the Eastern Division.  This court further has jurisdiction over Defendant, a non-resident LLC, because Defendant undertook activity for a commercial purpose within the Eastern District, thus availing itself of this Court's jurisdiction.

## III. FACTUAL BACKGROUND

4.    At all times relevant to this claim, Plaintiff CMIC provided property insurance to Janet Sullivan ("the Insured") for property located at 604 S 72nd St., Broken Arrow, OK 74014 ("the Property").  This location within Broken Bow is in Wagoner County.

5.    The Insured contracted with 1st Priority for roofing repairs to the Property after a hail storm.  During the repairs, 1st Priority failed to take properly install the ridge vent to prevent an opening into other areas.  This allowed chunks of the plywood from where they cut the vent to fall into a clean-out vent in the attic.  During the repairs, the clean-out vent became clogged and overflowed water.  On June 22, 2022, the Insured discovered water in the upstairs landing and bedrooms;

in a closet, the master bedroom and wood flooring in the entry. All of the water originated from the clogged clean-out vent. The Insured notified 1st Priority of the damages, but Defendant failed to address the claim.

6.      Due to the damages the Property sustained, the Insured submitted a first-party insurance claim for the damages to Plaintiff. Pursuant to the terms of the policy, Plaintiff made payments to, and on the behalf of, the Insured for the covered loss. Consequently, Plaintiff obtained equitable and contractual rights of subrogation for those claims and damages. Plaintiff brings this claim as the subrogee of Janet Sullivan and seeks to recover damages, including the deductible, from Defendant.

## IV. CAUSES OF ACTION

### Count 1: Breach of Duty of Good Faith and Fair Dealing

7.       Plaintiff repeats and re-alleges the allegations of all preceding paragraphs as though fully set forth herein.

8.      The Insured had a valid contract with 1st Priority wherein the two parties agreed to the extent of the necessary repairs and agreed upon the cost for the work/services.  1st Priority completed the work/services under the contract on or about July 2, 2022, and was paid consideration in the agreed upon amount.

9.      The water damages related to the ridge vent were detected on June 22, 2022, while 1st Priority was still working under contract on the Property.  The Insured notified 1st Priority of the damages, and 1st Priority and/or its agents accepted

liability for the damages.  However, after much delay, 1st Priority failed to correct the issue or address the damages sustained.

10.    There is an implied duty of good faith and fair dealing in every contract. *Tyree v. Cornman*, 2019 OK Civ. App. 66, citing *Wathor v. Mutual Assurance Administrators, Inc.,* 2004 OK 2, ¶ 5, 87 P.3d 559.  1st Priority breached those duties by completing the work/services on the Property without correcting the defect in the ridge vent, in spite of its knowledge of the condition.  1st Priority further breached this duty by advising that it accepted liability, but failing to correct the ridge vent and compensate for the damages.  Had 1st Priority honored its acceptance of liability, the Insured would not have filed a claim with Plaintiff and Plaintiff would not have incurred damages.   These breaches were the proximate and producing cause of the foreseeable direct and consequential damages, and the resulting payments made by Plaintiff.

## Count 5: Breach of Duty to Perform Work or Services in a Skillful Careful, Diligent and Workmanlike Manner

11.    Plaintiff repeats and re-alleges the allegations of all preceding paragraphs as though fully set forth herein.

12.    As alleged herein, the Insured had a valid contract with 1st Priority.  The contract for work and/services with 1st Priority for repairing the roof on the Property contains the implied duty to perform the work or service skillfully, carefully, diligently and in a workmanlike manner.  *Oklahoma Gas & Elec. Co. v. Pinkerton's Inc.*, 1986 OK 61, ¶ 10, 742 P.2d 546, 548. See also, *Keel v. Titan Const.*

*Corp.*, 1981 OK 148, ¶ 8, 639 P.2d 1228, 1231. 1st Priority breached these contractual duties in the work/services it performed because it failed to install the ridge vent skillfully, carefully, diligently and in a workmanlike manner, which would have prevented the entry of and accumulation of plywood and other debris into the clean-out vent. This breach was the proximate and producing cause of the damages to the Property. 1st Priority's breach of these contractual duties was the proximate and producing cause of the foreseeable direct and consequential damages to the Property, and the resulting payments made by Plaintiff.

## V. CONDITIONS PRECEDENT

13.    All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## VI. ATTORNEY'S FEES

14.    Plaintiff has employed the undersigned attorney to represent it in this proceeding, and has agreed to pay such attorney a reasonable fee, and by such reason Plaintiff may recover, in addition to the amount of damages for the above causes of action, a reasonable attorneys' fee for services rendered to Plaintiff for pursuing its breach of contract duties against 1st Priority.

## VII. DAMAGES

15.    As a direct and proximate result of the breaches of contractual duties by Defendant, the Insured suffered property damages of at least $147,973.51, which includes the Insured's deductible of $2,000.00. Plaintiff is contractually and equitably subrogated to the rights of the Insured to bring these causes of action

against Defendant for the total amount of damages, including recovery of any deductible.

## VIII. NOTICE OF MAILING ADDRESS

16.     Counsel for Plaintiff maintains a physical address in Ardmore.  However, all mail is processed and managed by the main address for KELLY, SMITH & SCHMIDT, P.C., 6275 W. Plano Parkway, Suite 500, Plano, Texas 75093.  While e-mail service is preferred at schmidt@kellysmithpc.com, any *mailed service* should be sent to the Plano address.  Service at any other address shall be considered invalid.

## IX.  PRAYER

WHEREFORE, Plaintiff prays that upon trial of this cause judgment be rendered against Defendant in favor of Plaintiff for damages suffered of at least $147,973.51, plus attorney's fees, pre-judgment and post-judgment interest at the applicable rates, for costs of Court, and for such other and further relief, both general and special, at law or in equity to which Plaintiff may be justly entitled.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

Respectfully submitted,

*/s/ Laura D. Schmidt*
Laura D. Schmidt
OBN: 22034
KELLY, SMITH, & SCHMIDT, P.C.
Physical Address:
107 W. Main St.
Ardmore, OK  73401
Mailing Address:
6275 W. Plano Parkway, Suite 500
Plano, TX 75093
T: 972-848-7300
F: 713-861-7100

**ATTORNEYS FOR PLAINTIFF, COUNTY MUTUAL INSURANCE COMPANY, AS SUBROGEE OF JANET SULLIVAN**